RECEIVED

2017 JUN -8  A 11: 04

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA HACKETT, CLK
NORTHERN DIVISION   U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **JERRY W. CHAPPELL**, as | ) | |
| Administrator of the Estate of **WENDY** | ) | |
| **CHAPPELL PRICE**, Deceased, | ) | |
| | ) | CIVIL ACTION NUMBER: 2:17-cv-370 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **CHILTON COUNTY; CITY OF** | ) | JURY TRIAL DEMANDED |
| **CLANTON; ADAM EZEKIEL**, in his | ) | |
| individual capacity; **JESSICA MIMS**, | ) | |
| in her individual and official capacity; | ) | |
| **JASON REEVES**, in his individual and | ) | |
| official capacity; **JOHN SHEARON**, | ) | |
| in his individual and official capacity, | ) | |
| **J. KEITH MADDOX**, in his | ) | |
| individual and official capacity; and | ) | |
| **DOES 1-10**, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the plaintiff in the above-styled cause, by and through his undersigned

attorneys, and for his complaint against the defendants herein says, alleges, and avers as follows:

### Nature of this Action

1.    This is an action, under and pursuant to 42 U.S.C. § 1983 and the Alabama

Wrongful Death Act, Ala. Code § 6-5-410, for actual, compensatory, punitive, and other

damages, as appropriate, arising from the shooting death of plaintiff's decedent Wendy Chappell

Price on June 17, 2015, in which at least 17 shots were fired at her while she was inside her

stationary vehicle by sworn law enforcement officers of defendants Chilton County and the City of Clanton, as well as the State of Alabama.

2.      Plaintiff alleges that the named individual defendants, all of whom are sworn law enforcement officers, Adam Ezekiel, Jessica Mims, and Jason Reeves, together with others whose names and identities are otherwise unknown but are law enforcement officers for Chilton County, the City of Clanton, and/or the State of Alabama, acting alone or in concert and conspiracy with other defendants, willfully, intentionally, maliciously, in bad faith, negligently, beyond their authority as law enforcement officers, or with deliberate indifference to the substantial and clearly-defined rights of Wendy Chappell Price to be free of the use of excessive force against her, used objectively unreasonable force when they shot and killed Ms. Price, and thereafter, acting alone or in concert and conspiracy with other defendants, attempted to and participated in an attempt to hide, cover-up, or evade responsibility for the death of Ms. Price by making, endorsing, or corroborating false statements regarding the circumstances surrounding her death.

3.      Plaintiff further alleges that sworn law enforcement supervisory officer defendants John Shearon, individually and in his official capacity as Sheriff of Chilton County, and J. Keith Maddox, individually and in his official capacity as Acting Chief of Police of the City of Clanton, together with one or more of the fictitiously-described defendants, are policy-makers for their respective agencies and are liable as supervisors of other defendants under 42 U.S.C. § 1983 for the acts resulting in the death of Wendy Chappell Price, and further, acting alone or in concert and/or conspiracy with other defendants, attempted to and participated in an attempt to hide, cover-up, or evade responsibility for the death of Ms. Price by making, endorsing, or corroborating false statements regarding the circumstances surrounding her death.

2

4.     Plaintiff alleges that the governmental entity defendants together with defendants Shearon, Maddox, and certain of the fictitiously described defendants, are liable under 42 U.S.C. § 1983 because of their promulgating, implementing, or allowing a policy, procedure, custom, or practice relating to the use of deadly force by law enforcement officers in similar circumstances in deliberate indifference to the substantial and clearly-defined rights of the victim to be free from unreasonable seizure, as secured by the Fourth Amendment of the Constitution of the United States, that explicitly or implicitly permitted, authorized, condoned, ratified, permitted, or allowed the use of excessive force against Ms. Price, which culpable conduct proximately caused or contributed to cause Ms. Price's death.

5.     Furthermore, plaintiff alleges that the governmental entity defendants are vicariously liable under Ala. Code § 6-5-410 as the employer or principal of one or more of the named or fictitiously-described individual defendants.

6.     As to all claims for relief, plaintiff alleges that certain agents, employees, or representatives of the governmental entity defendants, whose names are otherwise unknown to plaintiff at this time and identified as Doe Defendants 1 through 10, culpably acted or failed to act with regard to the events leading to Ms. Price's shooting death, and those actions or failures to act proximately caused or contributed to cause said death as herein described.

## Jurisdiction and Venue

7.     This Court has original jurisdiction over plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983 pursuant to 42 U.S.C. § 1988(a). The Court has supplemental jurisdiction, including pendent party jurisdiction pursuant to 28 U.S.C. § 1367(a) as to plaintiff's wrongful death claim under Ala. Code § 6-5-410.

3

8.     Venue in this district is proper under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein asserted occurred in Chilton County in this district. Plaintiff's decedent died in Chilton County in this district as a proximate result and consequence of the defendants' wrongful and culpable acts and omissions as herein alleged.

## Exhaustion

9.     Plaintiff timely filed verified claims with defendants Chilton County and City of Clanton, pursuant to Ala. Code §§ 6-5-20, 11-12-5, 11-12-6, 11-12-8, 11-47-23, and 11-47-192. *Bishop v. Chilton County*, 990 So.2d 287 (Ala. 2008). Those claims were not acted upon by the said governmental entities and were denied by operation of law on May 4, 2017.

## Parties

10.     Plaintiff Jerry W. Chappell is an adult resident of Shelby County, Alabama. Plaintiff was appointed administrator and personal representative of the estate of Wendy Chappell Price by the Probate Court of Shelby County on November 28, 2016. Plaintiff brings this action, under and pursuant to 42 U.S.C. § 1983 and Ala. Code § 6-5-410, as the lawfully appointed administrator and personal representative of the Estate of Wendy Chappell Price, Deceased.

11.     Defendant Chilton County is an Alabama governmental entity that, at the times relevant to this action, employed defendants Jessica Mims and Jason Reeves as Sheriff's deputies. Certain of the fictitiously-described individual defendants also may have been employed by defendant Chilton County.

12.     Defendant City of Clanton ("Clanton") is an Alabama governmental entity located in Chilton County, Alabama. At the times relevant to this action, defendant Jason Reeves was

4

employed by defendant Clanton as a part-time police officer. Certain of the fictitiously-described individual defendants also may have been employed by defendant Clanton.

13.   Defendant Adam Ezekiel is an adult and believed to be a resident within this judicial district. At the times relevant to this action, defendant Ezekiel was employed by the State of Alabama as a State Trooper. At all times relevant to this action, defendant Ezekiel was acting under color of state law and was acting in his role as a sworn law enforcement officer. Defendant Ezekiel is sued in his individual and personal capacity. As hereafter alleged, defendant Ezekiel, in his individual capacity but while acting under color of law, acting alone or in combination, concert, and conspiracy with other defendants, caused or contributed to cause the death of Wendy Chappell Price in violation of 42 U.S.C. § 1983 and Ala. Code § 6-5-410, and thereafter took actions or made statements to obfuscate and mislead the official investigations into the said death in an effort and attempt to hide, cover-up, or evade responsibility for the death of Ms. Price by making, endorsing, or corroborating false statements regarding the circumstances surrounding her death.

14.   Defendant Jessica Mims is adult and believed to be a resident within this judicial district. At the times relevant to this action, defendant Mims was employed by defendant Chilton County as a Sheriff's deputy. At all relevant times, defendant Mims was acting under color of state and municipal law, including the ordinances, rules, regulations, policies, procedures, and directives of defendant Chilton County, and the particular policies, procedures, rules, regulations, and directives of the Chilton County Sheriff's Department. Defendant Mims is sued in both her individual and personal capacity and in her capacity as a sworn law enforcement officer, agent, and employee of defendant Chilton County. As hereafter alleged, defendant Mims, in her individual capacity and official capacity as a sworn law enforcement officer, and while acting

5

under color of law, alone or in combination, concert, and conspiracy with other defendants, caused or contributed to cause the death of Wendy Chappell Price in violation of 42 U.S.C. § 1983 and Ala. Code § 6-5-410, and thereafter took actions or made statements to obfuscate and mislead the official investigations into the said death in an effort and attempt to hide, cover-up, or evade responsibility for the death of Ms. Price by making, endorsing, or corroborating false statements regarding the circumstances surrounding her death.

15.     Defendant Jason Reeves is adult and believed to be a resident within this judicial district. At the times relevant to this action, defendant Reeves was employed by defendant Chilton County as a Sheriff's deputy and as a part-time police officer of defendant Clanton. At all relevant times, defendant Reeves was acting under color of state and municipal law, including the ordinances, rules, regulations, policies, procedures of and directives of defendants Chilton County and Clanton and the particular policies, procedures, rules, regulations, and directives of the Chilton County Sheriff's Department and the Clanton Police Department.  Defendant Reeves is sued in both her individual and personal capacity and in his capacity as a sworn law enforcement officer, agent, and employee of defendants Chilton County and Clanton. As hereafter alleged, defendant Reeves, in his individual capacity and official capacity as a sworn law enforcement officer, and while acting under color of law, acting alone or in combination, concert, and conspiracy with other defendants, caused or contributed to cause the death of Wendy Chappell Price in violation of 42 U.S.C. § 1983 and Ala. Code § 6-5-410, and thereafter took actions or made statements to obfuscate and mislead the official investigations into the said death in an effort and attempt to hide, cover-up, or evade responsibility for the death of Ms. Price by making, endorsing, or corroborating false statements regarding the circumstances surrounding her death.

6

16.    Defendant John Shearon is adult and believed to be a resident within this judicial district. At the times relevant to this action, defendant Shearon was the Sheriff of Chilton County. At all relevant times, defendant Shearon was acting under color of state and municipal law, including the ordinances, rules, regulations, policies, procedures, and directives of defendant Chilton County, and the particular policies, procedures, rules, regulations, and directives of the Chilton County Sheriff's Department. Defendant Shearon is sued in both his individual and personal capacity and in his capacity as a sworn law enforcement officer, agent, and employee of defendant Chilton County. Defendant Shearon had direct control of the operations and management of the Chilton County Sheriff's office, including his deputies, and is and was at the times relevant to this complaint a policy-maker and decision-maker responsible for the culpable actions and culpable or negligent failure to act by persons therein. Together with defendant Chilton County itself, defendant Shearon was responsible for promulgating, implementing, and enforcing all policies and procedures applicable to operation and management of his office and deputies and, particularly as applied to this action, policies, procedures, rules, regulations, customs, and practices relating to the use of deadly force by his deputies. Furthermore, defendant Shearon was, at all times relevant to this complaint, responsible for ensuring the use of constitutionally permissible force by his deputies in circumstances similar to the facts at issue in this case.

17.    Defendant J. Keith Maddox is adult and believed to be a resident within this judicial district. At the times relevant to this action, defendant Maddox was the Acting Chief of Police for defendant Clanton, and is now the Chief of Police for defendant Clanton. At all relevant times, defendant Maddox was acting under color of state and municipal law, including the ordinances, rules, regulations, policies, procedures, and directives of defendant Clanton, and

7

the particular policies, procedures, rules, regulations, and directives of the Clanton Police Department. Defendant Maddox is sued in both his individual and personal capacity and in his capacity as a sworn law enforcement officer, agent, and employee of defendant Clanton. Defendant Maddox had direct control of the operations and management of the Clanton Police Department, including its police officers, and is and was at the times relevant to this complaint responsible for the culpable actions and culpable or negligent failure to act by persons therein. Together with defendant Clanton itself, defendant Maddox was a policy-maker and decision-maker responsible for promulgating, implementing, and enforcing all policies and procedures applicable to operation and management of his department and its police officers and, particularly as applied to this action, policies, procedures, rules, regulations, customs, and practices relating to the use of deadly force by Clanton police officers. Furthermore, defendant Maddox was, at all times relevant to this complaint, responsible for ensuring the use of constitutionally permissible force by Clanton police officers in circumstances similar to the facts at issue in this case.

18. As to all claims for relief, plaintiffs allege that certain agents, employees, or representatives of defendants Clanton and Chilton County and/or the State of Alabama, whose names are otherwise unknown to plaintiff at this time and identified as Doe Defendants 1 through 10, culpably acted or negligently failed to act and whose actions or failures to act proximately caused or contributed to cause Ms. Price's death as herein described.

19. Particularly, Doe Defendants 1 through 10 include, but are not limited to, those individuals who, directly or as supervisors of defendants Ezekiel, Mims, and/or Reeves, were responsible for (a) developing, implementing, and enforcing policies and procedures regarding the use of deadly force by those defendants, (b) training and ensuring compliance by those

8

defendants with the said policies and procedures, and (c) allowed or failed to terminate a custom or practice that permitted those defendants to use objectively unreasonable deadly force against Wendy Chappell Price as herein alleged.

20.   Doe Defendants 1 through 10 further include, but are not limited to, other sworn law enforcement officers and individuals who (a) participated in the shooting of Wendy Chappell Price as alleged, (b) failed to act to prevent or terminate the other defendants' use of objectively unreasonable force with regard to Ms. Price, and (c) attempted to and participated in an attempt to hide, cover-up, or evade responsibility for the death of Ms. Price by making, endorsing, or corroborating false statements regarding the circumstances surrounding her death.

21.   The fictitiously-described Doe Defendants 1 through 10, each of whom was at the times relevant to this action a sworn law enforcement officer, or non-sworn law enforcement supervisory employee of a named governmental entity defendant or the State of Alabama, acting alone or in combination, concert, and conspiracy with other defendants, caused or contributed to cause, or set in motion a chain of events that foreseeably led to the death of Wendy Chappell Price in violation of 42 U.S.C. § 1983 and Ala. Code § 6-5-410 as hereafter alleged, and/or thereafter took actions or made statements to obfuscate and mislead the official investigations into the said death in an effort to cover-up and hide the true facts relating thereto in order to avoid liability for their actions.

22.   The true names of the fictitiously-described defendants Does 1 through 10 are presently unknown to plaintiff, as well as the negligent or culpable actions or failures to act attributable to them.

23.   Plaintiff expects that the names and culpable actions or failures to act of the fictitiously-described defendants will be obtained during discovery in this action, at which time

9

plaintiff will substitute, or seek leave of Court to substitute, those individuals for one or more
fictitiously-described defendant.

## Allegations Common to All Claims for Relief

24.     On June 17, 2015, Wendy Chappell Price was driving her vehicle southbound on
I-65 in Shelby County and was being pursued by an Alabama State Trooper because she
allegedly failed to stop at the Trooper's order. The Trooper also was apparently told by Adam
Price, Wendy Chappell Price's husband, that there were two firearms, a revolver and a pistol, in
the car driven by Wendy Chappell Price but that Adam Price had emptied both weapons and that
they were unloaded. Wendy Chappell Price was lawfully in possession of the weapons and had a
pistol license allowing her to carry the weapons concealed in her vehicle or on her person.

25.     Officers of the City of Alabaster Police Department as well as other unknown
agencies informed the Chilton County Sheriff's Department and the City of Clanton Police
Department of the pursuit. Deputies and officers of defendants Chilton County and Clanton,
including, but not necessarily limited to, defendants Mims and Reeves, together with defendant
Ezekiel, determined to stop the vehicle driven by Wendy Chappell Price at the exit ramp for Exit
212 off I-65 southbound.

26.     Sometime after 8:00 P.M. and before 10:00 P.M. on June 17, 2015, Wendy
Chappell Price's vehicle was stopped by law enforcement officers at or near the Exit 212 exit
ramp. Wendy Chappell Price did not exit her vehicle.

27.     At that time and place, one or more of the law enforcement officers at the
location, defendants Ezekiel, Mims, and Reeves, together with others whose names and identities
are otherwise unknown at this time, fired their weapons approximately 17 times at Wendy
Chappell Price while she was sitting in her vehicle with the windows up. Ms. Price was struck

10

by four (4) of the bullets fired by the defendants and died from the gunshot wounds at the scene in her vehicle.

28.     Said defendants' shooting and killing Wendy Chappell Price was without justification or excuse, objectively unreasonable under the circumstances, and constitutes an unnecessary use of excessive force that was beyond their authority to employ in this case. Ms. Price, when she was fatally shot, did not pose, and the law enforcement officers did not have reason to believe that she posed, a threat to their safety or the safety of others.

29.     Defendants Ezekiel, Mims, and Reeves, together with others identified as the fictitious Doe Defendants, alone or in concert and conspiracy, negligently, recklessly, wantonly, wrongfully, intentionally, acting beyond their authority, or with deliberate indifference to the substantial rights of Wendy Chappell Price to be free of the use of excessive force against her, shot and killed Wendy Chappell Price on June 17, 2015.

30.     Furthermore, at various times after the unjustified shooting and killing of Wendy Chappell Price, the named individual defendants and certain fictitious defendants identified as the Doe defendants, acting individually, collectively, or in concert and conspiracy with each other, and/or as official agents of or speaking for their respective employers, engaged or participated in, adopted, ratified, or condoned a deliberate campaign of false information to discredit Wendy Chappell Price in an attempt to justify the shooting and killing of Ms. Price, by making public and official statements to the effect, among other things, that prior to the shooting, Ms. Price brandished a weapon at the officers, threatened the officers, fired shots from a weapon at the officers, exited her vehicle immediately prior to the shooting, and other statements, all of which were false and were made with the intention of misleading investigators, officials, and the public and justifying the unreasonable use of force against Ms. Price as described.

11

31.     Alternatively, having a duty to act, the named individual defendants and certain fictitious defendants identified as the Doe defendants, acting individually, collectively, or in concert and conspiracy with each other, and/or as official agents of or speaking for their respective employers, failed to take actions to prevent, terminate, or stop the said campaign of false information and thereby, through their silence and failure to act, adopted, ratified, or condoned, the said deliberate campaign of false information to discredit Wendy Chappell Price in an attempt to justify the shooting and killing of Ms. Price.

## Claims for Relief

## COUNT I

### Excessive Force in Violation of the Fourth Amendment: 42 U.S.C. § 1983
### (Defendants Ezekiel, Mims, Reeves and Fictitious Defendants)

32.     Plaintiff realleges each and every material allegation of this Complaint and incorporates same by reference into this Count I as if here set out in full.

33.     The use of deadly force by defendants Ezekiel, Mims, Reeves, and certain of the fictitiously-described defendants against Wendy Chappell Price, as alleged above, was excessive and objectively unreasonable under the circumstances, contrary to Ms. Price's substantial, well-established, and clearly-defined constitutional right to be free from unreasonable seizure as secured by the Fourth Amendment of the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

34.     Ms. Price was killed as a direct and proximate result of these violations.

35.     Said defendants, in violating Ms. Price's right to be free from unlawful seizure under the Fourth Amendment by using excessive and deadly force against her as alleged, acted with malice and/or reckless indifference to the federally-protected rights of the plaintiff's decedent.

12

36.     Defendants Ezekiel, Mims, Reeves and/or the fictitiously-described individual

defendants are not afforded immunity protection because a reasonable officer in the same or

similar circumstances would have known that his/her actions would violate Ms. Price's

substantial constitutional rights that were clearly-established and well-defined at the time of the

violations described herein.

## COUNT II

### Deliberate Indifference and Supervisory Liability: 42 U.S.C. § 1983
### (Against Defendants Chilton County and Shearon, Clanton and Maddox, and Fictitious
### Defendants)

37.     Plaintiff realleges each and every material allegation of this Complaint and

incorporates same by reference into this Count II as if here set out in full.

38.     Defendants Chilton County and Shearon (the "County defendants"), and

defendants Clanton and Maddox (the "City defendants"), and certain of the fictitious-defendants

with direct decision-making and policy-making authority and implementation and training

duties, have a non-delegable duty to develop, promulgate, implement, and enforce adequate and

substantial policies and procedures, rules, regulations, customs, and practices concerning the use

of force, including the use of deadly force, by law enforcement officers acting for or employed

by Chilton County and Clanton, respectively, that would reasonably protect the substantial,

clearly-established, and well-defined constitutional rights of persons to be free from the use of

excessive or unreasonable force by those law enforcement officers, and to adequately and

consistently train their officers with regard thereto.

39.     Said defendants knew that, in the absence of such adequate and substantial

policies and procedures, and in the absence of adequate and consistent training, their law

enforcement officers would be presented with real-world situations in which their actions would

13

or would likely result in the use of objectively unreasonable and excessive force against persons they encounter.

40.    Despite the aforesaid duty, said defendants deliberately failed to promulgate, implement, or enforce an adequate policy, procedure, rule, regulation, custom or practice, to reasonably assure that law enforcement officers acting for or employed by them would not exercise objectively unreasonable and excessive force in the same or similar circumstances as in this case with regard to plaintiff's decedent Wendy Chappell Price in that they deliberately failed to take affirmative action to develop, promulgate, implement, and enforce adequate and substantial policies and procedures, rules, regulations, customs, and practices regarding the use of force, including the use of deadly force, by law enforcement officers acting for or employed by Chilton County and Clanton, respectively, that would reasonably protect the substantial, clearly-established, and well-defined constitutional rights of persons to be free from the use of excessive or unreasonable force by those law enforcement officers, and to adequately and consistently train their officers with regard thereto.

41.    The deliberate failure of said defendants to have, implement, enforce, and monitor the aforesaid policy constitutes a deliberate choice on the part of those defendants not to take preventive or corrective action with regard to the use of objectively unreasonable excessive force and a custom, practice, and policy of deliberate indifference to the violation of the plaintiff's decedent's Fourth Amendment rights as herein alleged in violation of 42 U.S.C. §1983 that, taken together or individually proximately caused or contributed to cause, or set in motion an irreversible chain of events that proximately resulted in, Ms. Price's death.

42.    Defendant Shearon, as Sheriff of Chilton County and as the official with final policy-making authority for operation and actions of his deputies, including defendants Mims

14

and Reeves, and certain of the fictitious-defendants with direct decision-making and policy-making authority and implementation and training duties, had the duty and responsibility to promulgate, implement, or enforce an adequate policy, procedure, rule, regulation, custom or practice regarding the use of force, including the use of deadly force, by law enforcement officers acting for or employed by Chilton County that would reasonably protect the substantial, clearly-established, and well-defined constitutional rights of persons to be free from the use of excessive or unreasonable force by those law enforcement officers, and to adequately and consistently train his deputies with regard thereto, and said defendants' culpable actions or failure to act as alleged proximately caused or contributed to cause, or set in motion an irreversible chain of events that proximately resulted in, Ms. Price's death.

43.     Defendant Maddox, as Acting Chief of Police of the City of Clanton and as the official with final policy-making authority for operation and actions of the police officers thereof, including defendants Reeves, and certain of the fictitious-defendants with direct decision-making and policy-making authority and implementation and training duties, had the duty and responsibility to promulgate, implement, or enforce an adequate policy, procedure, rule, regulation, custom or practice regarding the use of force, including the use of deadly force, by law enforcement officers acting for or employed by the City of Clanton that would reasonably protect the substantial, clearly-established, and well-defined constitutional rights of persons to be free from the use of excessive or unreasonable force by those law enforcement officers, and to adequately and consistently train his police officers with regard thereto, and said defendants' culpable actions or failure to act as alleged proximately caused or contributed to cause, or set in motion an irreversible chain of events that proximately resulted in, Ms. Price's death.

15

44. In the alternative, defendants Shearon and Maddox, and certain of the fictitious-defendants with direct decision-making and policy-making authority and implementation and training duties, by their failure to promulgate, implement, or enforce an adequate policy, procedure, rule, regulation, custom or practice, to reasonably protect the substantial, clearly-established, and well-defined constitutional rights of persons to be free from the use of excessive or unreasonable force by law enforcement officers acting for or employed by their departments, and to adequately and consistently train those officers with regard thereto, ratified the unconstitutional use of objectively unreasonable and excessive force by law enforcement officers acting for or employed by their departments, and said defendants' culpable actions or failure to act as alleged proximately caused or contributed to cause, or set in motion an irreversible chain of events that proximately resulted in, Ms. Price's death.

45. In the further alternative, defendants Shearon and Maddox, and certain of the fictitious-defendants with direct decision-making and policy-making authority and implementation and training duties, by their failure to promulgate, implement, or enforce an adequate policy, procedure, rule, regulation, custom or practice, to reasonably protect the substantial, clearly-established, and well-defined constitutional rights of persons to be free from the use of excessive or unreasonable force by those law enforcement officers, and to adequately and consistently train their respective officers with regard thereto, set in motion a series of acts by those law enforcement officers acting for or employed by their departments, including defendants Mims and Reeves, that said defendants knew or reasonably should have known would result in said officers inflicting constitutional injury against persons in the same or similar circumstances as plaintiff's decedent, which injury likely would not have occurred but for said defendants aforesaid conduct, and said defendants' culpable actions or failure to act as alleged

16

proximately caused or contributed to cause, or set in motion an irreversible chain of events that proximately resulted in, Ms. Price's death.

46.     In the further alternative, defendants Shearon and Maddox, and certain of the fictitious-defendants with direct decision-making and policy-making authority and implementation and training duties, are liable in their individual capacity for their own culpable conduct or inaction in failing to promulgate, implement, or enforce an adequate policy, procedure, rule, regulation, custom or practice, to reasonably assure that their respective law enforcement officers, including defendants Mims and Reeves, were properly trained, supervised, and monitored to reasonably protect the substantial, clearly-established, and well-defined constitutional rights of persons to be free from the use of excessive or unreasonable force by those law enforcement officers, said defendants' culpable actions or failure to act as alleged proximately caused or contributed to cause, or set in motion an irreversible chain of events that proximately resulted in, Ms. Price's death.

47.     The culpable conduct of defendants Shearon and Maddox, as well as certain of the fictitious defendants, all in their individual capacities, as alleged was malicious, intentional, or deliberately indifferent to the protected rights of persons similarly situated to plaintiff's decedent Wendy Chappell Price, as well as Ms. Price herself, and justifies the imposition of punitive damages against said defendants.

17

## COUNT III

### Wrongful Death; Ala. Code § 6-5-410
### (Against All Defendants)

48.     Plaintiff realleges each and every material allegation of this Complaint and incorporates same by reference into this Count III as if here set out in full.

49.     This claim is brought pursuant to Ala. Code § 6-5-410 for damages against defendants Chilton County, Clanton, Ezekiel, Mims, Reeves, and certain of the fictitiously-described defendants, jointly and severally, for the wrongful death of plaintiff's decedent Wendy Chappell Price.

50.     The shooting of Ms. Price four times by defendants Adam Ezekiel, Jessica Mims, Jason Reeves, and/or certain of the fictitiously-described defendants, was the direct and proximate cause of her death.

51.     Said defendants' use of deadly force in the circumstances alleged herein were negligent, careless, reckless, intentional, willful, and/or wanton and were beyond their authority as law enforcement officers.

52.     Defendants Chilton County and Clanton are responsible for the actions of its agents under *respondeat superior*.

53.     Furthermore, defendants Chilton County, Clanton, Shearon, Maddox, and certain of the fictitiously-described are responsible for negligently training and supervising their employees. The failure by said defendants to adequately train, supervise, and monitor defendants Mims and Reeves was negligent, careless, reckless, willful, intentional, wanton, and beyond their authority as governmental employers and policy-making supervisors and proximately caused or contributed to cause the death of plaintiff's decedent Wendy Chappell Price.

18

## Prayer for Relief

WHEREFORE, plaintiff demands judgment against defendants Chilton County, City of

Clanton, Adam Ezekiel, Jessica Mims, Jason Reeves and the fictitiously-described Doe

Defendants Nos. 1 through 10, as follows:

A. For actual, compensatory, general, special, and incidental damages against in type

and amount determined by the finder of fact based upon the evidence at trial;

B. For punitive damages against all defendants except defendants Chilton County

and Clanton, and except when expressly prohibited by law, in an amount determined by the

finder of fact based upon the evidence at trial sufficient to punish the said defendants and to deter

others from engaging in similar misconduct;

C. Prejudgment interest at the lawful rate;

D. For costs of suit, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988, and

as otherwise may be allowed by law; and

E. For such other, further, general, and special relief, at law or in equity, to which the

plaintiff may be entitled in the circumstances.

## Jury Demand

Plaintiff demands trial by jury of all issues in this cause properly triable thereby.

Michael Allsup (ASB-3961-L42M)
michael.allsup@jacobymeyers.com
Jacoby & Meyers, LLC
1929 Third Avenue North, Suite 800
Birmingham, Alabama 35203-5009
Telephone: (205) 380-7070
Facsimile: (205) 244-1171

19

Joseph J. Siegelman (ASB-6058-B92D)
jsiegelman@cochranfirm.com
The Cochran Firm-Birmingham, P.C.
222 Twentieth Street North, Suite 800
Birmingham, Alabama 35203
Telephone: (205) 244-1115
Facsimile: (205) 244-1171

Attorneys for Plaintiff